**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREEM ARMSTRONG,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **NO.   11-4354** |
| | : | |
| **BRIAN D. COLEMAN, et al.** | : | |
| **Respondents.** | : | |

<u>**REPORT AND RECOMMENDATION**</u>

**LYNNE A. SITARSKI**                                        **DATE: February 10, 2012**
**UNITED STATES MAGISTRATE JUDGE**

Presently before the Court is a *pro se* petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, by Kareem Armstrong ("Petitioner"), an individual currently incarcerated in State Correction Institution Fayette, located in LaBelle, Pennsylvania.  For the following reasons, this Court respectfully recommends that the petition for habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

I.     **FACTS AND PROCEDURAL HISTORY**[1]

The Superior Court of Pennsylvania provided the following recitation of the facts:

> On February 24, 2002, [Petitioner] got into an argument with Andre Burnett. After a verbal disagreement, [Petitioner] fired six shots at Burnett, hitting him four times, in the hand, back, stomach, and neck. As a result of the shooting, Burnett was rendered quadriplegic and died nineteen months after the altercation from ailments related to the quadriplegia.

---

[1]  Petitioner filed a second *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. § 9541 *et seq*., that is currently pending; therefore, the complete state court record is currently unavailable to this Court.  This Court has received copies of state court opinions regarding Petitioner's direct appeal, as well as other documents provided by Respondents.  The facts set forth in this Report and Recommendation are derived from the opinions, the state courts' dockets, and any documents supplied by Respondents.

*See Commonwealth v. Armstrong*, No. 1464 EDA 2008, at 1-2 (Pa. Super. Ct. June 29, 2009).

On July 13, 2005, Petitioner entered a negotiated guilty plea to third degree murder before the

Honorable Judge Harold M. Kane of the Court of Common Pleas of Philadelphia.[2]

*Commonwealth v. Armstrong*, CP-51-CR-1000021-2004, at 1 (Pa. Ct. Com. Pl. Oct. 28, 2008).

On July 17, 2005, Judge Kane sentenced Petitioner to seventeen and one-half (17 ½) to thirty five

(35) years imprisonment.  *See id.*

On July 22, 2005, Petitioner filed a post-sentence motion to withdraw his guilty plea.

*Commonwealth v. Armstrong*, No. 1464 EDA 2008, at 2 (Pa. Super. Ct. June 29, 2009).

However, Judge Kane denied the post-sentence motion.  *Id.*  Petitioner did not file a direct appeal

at that time.

On October 20, 2006, Petitioner filed a *pro se* PCRA petition, seeking the reinstatement

of his direct appeal rights *nunc pro tunc.  See id.*  The PCRA court appointed Sondra R.

Rodrigues, Esq., as counsel for Petitioner on November 13, 2006; Ms. Rodriguez subsequently

filed an amended PCRA petition.  *See Pennsylvania Docket*, No. CP-51-CR-1000021-2004 (Pa.

Ct. Com. Pl. Mar. 13, 2007).  The PCRA court reinstated Petitioner's direct appeal rights *nunc*

*pro tunc* on April 10, 2008.  *See Commonwealth v. Armstrong*, No. 1464 EDA 2008, at 2 (Pa.

Super. Ct. June 29, 2009).

In his reinstated direct appeal, Petitioner's newly appointed counsel (Barbara Ann

---

[2]  According to Petitioner, he was originally convicted of attempted murder and sentenced to ten (10) to twenty (20) years imprisonment before the Honorable Patricia A. McInerney of the Court of Common Pleas of Philadelphia.  *See* Pet'r's Hab. Pet., Ex. B (Petitioner's Sentence Status Summary).  The victim's eventual death led to Petitioner's re-arrest for murder.  *See id.* Petitioner's assertions comport with the state court docket.  *See* Pennsylvania Docket, No. CP-51-CR-401261-2002 (Pa. Ct. Com. Pl. Aug. 27, 2003).

2

McDermott, Esq.) filed a 1925(b) Statement of Matters Complained of on Appeal on October 21,

2008, stating the following claim:

(1)     The [trial] court erred in denying [Petitioner's] motion to withdraw his guilty plea.

*See* Pet'r's Counseled *Anders* Br., Ex. A (Petitioner's 1925(b) Statement of Matters Complained

of on Appeal).  On October 28, 2008, Judge Kane filed a memorandum opinion denying relief.

*See Commonwealth v. Armstrong*, No. CP-51-CR-1000021-2004 (Pa. Ct. Com. Pl. Oct. 28,

2010).

On appeal to the Superior Court of Pennsylvania, Petitioner's counsel submitted a brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967).[3]  *See Commonwealth v. Armstrong*, No.

1464 EDA 2008, at 1-2 (Pa. Super. Ct. June 29, 2009).  In the *Anders* brief, Petitioner's counsel

addressed one claim:

(1)     Whether the trial court erred in not granting Petitioner's Motion to Withdraw his
        Guilty Plea.

*See* Pet'r's Counseled Anders Br. 5.  Petitioner did not respond to the *Anders* brief.  *See*

*Commonwealth v. Armstrong*, No. 1464 EDA 2008, at 2 (Pa. Super. Ct. June 29, 2009).  The

Superior Court affirmed Petitioner's judgment of sentence on June 29, 2009.  *See id.* at 7.

Petitioner did not seek allocator from the Supreme Court of Pennsylvania.

On February 26, 2010, Petitioner filed a second *pro se* PCRA petition with an

_____

[3]  Attorneys will file an *Anders* Brief when "a conscientious examination" of the record
reveals that the case is "wholly frivolous;" the attorney will then "advise the court and request
permission to withdraw."  *See Anders v. California*, 386 U.S. 738, 744 (1967); *United States v.
Youla*, 241 F.3d 296, 299 (3d Cir. 2001).  "A copy of counsel's brief should be furnished [to] the
indigent and time allowed [to] him to raise any points that he chooses; the court – not counsel –
then proceeds, after a full examination of all the proceedings, to decide whether the case is
wholly frivolous."  *Anders*, 386 U.S. at 744.

accompanying memorandum.[4]  *See* Pet'r's Second PCRA Pet., Proof of Serv.  On November 8,

2010 Petitioner filed a *pro se* amendment to his PCRA petition.  *See* Pet'r's Am. Second PCRA

Pet., Proof of Serv.  Taking these two filings together, Petitioner asserts the following claims:

> (1)   The lower court erred under Pa. R. C. P. 507(B) by permitting the filing of a
>         Criminal Complaint lacking the signature of the issuing authority.
>
> (2)   The lower court lacked subject matter jurisdiction because the Criminal
>         Complaint did not contain the District Attorney's signature as required under Pa.
>         R. C. P. 507(B) and Pa. R. C. P. 225.
>
> (3)   Ineffective assistance of trial counsel by failing to object to the Criminal
>         Complaint for lacking the District Attorney's signature under Discovery Rule 573
>         and in violation of 42 Pa. C.S.A. § 8931(e), (i).

*See* Pet'r's Second PCRA Mem. 2-3; *see also* Pet'r's Am. Second PCRA Pet. 1.  The PCRA

court appointed Elayne Bryn, Esq., as counsel on March 9, 2011.  *See* Pennsylvania Docket, No.

CP-51-1000021-2004 (Pa. Ct. Com. Pl. Mar. 9, 2011).  Petitioner's PCRA proceedings remain

pending, with the latest docket entry reflecting that a PCRA hearing has been rescheduled to May

---

[4]   Pennsylvania and federal courts employ the prisoner mailbox rule.  *See Perry v. Diguglielmo*, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (*citing Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).  Under this doctrine, a prisoner's *pro se* petition is deemed filed when delivered to prison officials for mailing.  *See Burns*, 134 F.3d at 113; *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).  Nevertheless, it is a prisoner's burden to prove that the doctrine applies by providing evidence for when the petition was placed within a prison mailbox or delivered to prison officials.  *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997); *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. Ct. 2001); *see also Council v. Nash*, 400 Fed. Appx. 680, 682 (3d Cir. 2010) (holding that it is appellant's burden to prove that the prisoner mailbox rule applies in a civil rights case). Here, Petitioner signed and dated his second *pro se* PCRA petition on November 8, 2010; this is the date it is deemed to have been filed.  *See* Pet'r's Second PCRA Mem., Proof of Serv.

     *Pro se* Petitioner has filed multiple documents in this matter; Petitioner signed and dated each of these documents.  We will, of course, apply the prisoner mailbox rule to all such submissions, and deem them filed on the date that each was signed and dated.

8, 2012.  *See* Pennsylvania Docket, No. CP-51-1000021-2004 (Calendar Events).

Petitioner filed the instant *pro se* habeas petition on July 1, 2011, asserting the following

claim:

> (1)  The trial court erred by not crediting Petitioner's sentence for third degree murder
> with the time he served for attempted murder.[5]

*See* Pet'r's Hab. Pet. 8.  Petitioner filed a *pro se* Memorandum of Law on August 7, 2011.  (Doc.

No. 5).  Respondents filed an Answer on August 31, 2011, arguing that the instant petition

should be dismissed without prejudice.  (Doc. No. 8).  On September 25, 2011, Petitioner filed a

*pro se* letter stating that his legal materials have been confiscated, rendering him unable to reply

to Respondent's Answer.  (Doc. No. 9).


## II.  DISCUSSION

### A.  Exhaustion

Respondents assert that Petitioner is not entitled to habeas review at this time because

Petitioner failed to exhaust his claim.  *See* Resp. 3-4.  Upon review, this Court agrees that

Petitioner's claim is unexhausted, and recommends that the instant petition be dismissed *without*

prejudice.

---

[5]  Petitioner's habeas petition includes several exhibits that indicate attempts by Petitioner to receive time credited to his sentence.  Petitioner attempted to receive time credit by filing an internal prison grievance on July 31, 2008.  *See* Pet'r's Hab. Pet., Ex. B (Petitioner's Final Appeal Decision).  On March 16, 2011, Petitioner sent a *pro se* Motion for Time Credit to the Court of Common Pleas of Philadelphia.  *See* Pet'r's Hab. Pet., Ex. A (Petitioner's Motion for Time Credit).  Finally, Petitioner sent a *pro se* Motion of a Practice Praecognita to the Superior Court of Pennsylvania.  *See Commonwealth v. Armstrong*, No. 70 EDM 2011 (Pa. Super. Ct. June 28, 2011).  The Superior Court denied the motion based upon improper jurisdiction.  *See id.*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court." *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (*citing* 28 U.S.C. § 2254(b)). Pursuant to § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999) ("[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts."). The exhaustion requirement is rooted in considerations of comity, and is designed to protect the role of the state court in the enforcement of federal law and to prevent disruption of state judicial proceedings. *Duncan v. Walker*, 533 U.S. 167, 179 (2001) (*quoting Rose v. Lundy*, 455 U.S. 509, 518 (1982)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844 (*citing Rose*, 455 U.S. at 515-16).

In order for a claim to be exhausted, "'[b]oth the legal theory and facts underpinning the federal claim must have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court.'" *Tome v. Stickman*, 167 Fed. Appx. 320, 322-23 (3d Cir. 2006) (*quoting Evans v. Court of Common Pleas, De. County, Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992)). A state prisoner must "fairly present" his federal claims to the state courts before seeking federal habeas relief by invoking "one complete

6

round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845; *see Halloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (*quoting McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) ("'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'")).  In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review.  *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); s*ee also Wallace v. Dragovich*, 143 Fed. Appx. 413, 415-17 (3d Cir. 2005) (holding that filing a petition for habeas corpus and application for extraordinary relief in the state courts do not exhaust claims because they "bypass the normal appellate process").  The habeas petitioner bears the burden of proving exhaustion of all state remedies.  *Boyd v. Walmart*, 579 F.3d 330, 367 (3d Cir. 2009) (*quoting Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).  Generally, if the petitioner fails to meet his burden, the petition will be dismissed without prejudice, so that petitioner may exhaust his claims in state court.[6]  *Lines v. Larkins*, 208 F.3d 153, 159-160 (3d Cir. 2000).

---

[6]  Instead of dismissing a petition containing unexhausted claims, district courts can "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims."  *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005); *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir. 2009).  However, the Supreme Court has "cautioned that '[s]tay and abeyance, if employed too frequently, has the potential to undermine the purpose of the . . . (AEDPA): reducing delays in the execution of sentences, encouraging petitioners to seek collateral state court relief in the first instance, and giving petitioners an incentive to exhaust all their claims in state court prior to filing their federal petition."  *Grundy v. Pennsylvania*, 148 Fed. Appx. 448, 451 (3d Cir. 2007) (*quoting Rhines*, 544 U.S. at 277).  That is, a district court may only issue a stay where: "(1) good cause exists for the petitioner's failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory or abusive litigation tactics."  *Grundy*, 248 Fed. Appx. at 451 (*citing Rhines*, 544 U.S. at 277-78).  "Good cause typically requires a showing that requiring exhaustion will result in a prisoner's petition being time-barred under § 2244."  *McLaughlin v. Shannon*, No. 08-4979, 2010 WL 3169838, at *7 (E.D. Pa. Aug. 10, 2010) (*citing Heleva*, 581 F.3d at 192); *see also Williams*

In the instant matter, Petitioner has not presented his habeas claim through one complete round of the state's "established appellate review process."[7]  *See O'Sullivan*, 526 U.S. at 844. Accordingly, the state courts have been deprived of having the first opportunity to provide Petitioner relief concerning his claim.  *See id.* at 845.  Thus, Petitioner's claim is unexhausted and not reviewable at this time.  In the event that Petitioner decides to file a federal habeas petition at a later time, he must comply with the AEDPA's filing requirements (e.g., Petitioner

*v. Walsh*, 411 Fed. Appx. 459, 461 (3d Cir. 2011) (a district court has discretion to stay where the timeliness of a habeas petition is at issue.).

   In the instant case, Petitioner has not requested a stay.  Nevertheless, this Court finds that even if Petitioner had, he cannot meet the first element of the *Rhines* test.  *See Rhines*, 544 U.S. at 227.  Under the AEDPA, petitioners have one year to file a habeas petition after a judgment of sentence becomes final.  28 U.S.C. § 2244(d)(1)(A).  However, the AEDPA creates a tolling exception, which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Petitioner's judgment of sentence became final on July 29, 2009 – thirty (30) days after the Pennsylvania Superior Court denied relief and Petitioner failed to request allocator.  *See* Pa. R.A.P. 1113(a).  However, Petitioner filed a timely PCRA petition on February 26, 2010, which tolled the AEDPA's statutory deadline, and which remains tolled as long as PCRA proceedings are ongoing.  *See* 28 U.S.C. § 2244(d)(2).  Because Petitioner has time to re-file his habeas petition after PCRA review has concluded, this Court finds that Petitioner has not demonstrated good cause as to warrant a stay.  *See McLaughlin*, 2010 WL 3169838, at *7; *see also Heleva*, 581 F.3d at 192 n.3 (Third Circuit did not decide whether having mere hours remaining in the AEDPA's statute of limitations to file a habeas petition constitutes good cause).

   [7]  As previously mentioned, Petitioner attached several exhibits to the instant petition that demonstrate an attempt to obtain relief in the state courts and the prison system, including a Motion for Time Credit, a Motion of a Practice Praecognita, and prison grievance.  To the extent Petitioner is arguing that such exhibits satisfy the exhaustion requirement, this Court disagrees. In order to exhaust a claim, a petitioner must "fairly present" his claim to the state courts by invoking "one complete round of the State's established appellate review."  *See O'Sullivan*, 526 U.S. at 845 (emphasis added).  Petitioner's prior attempts to obtain relief, as evidenced by the exhibits, are insufficient to satisfy the exhaustion requirement, as they seek to bypass the State's established appellate review process.  *See Wallace*, 143 Fed. Appx. at 417.  Therefore, because Petitioner failed to present his claim for one complete round of the state court's review, it remains unexhausted.  *See O'Sullivan*, 526 U.S. at 845.

must properly exhaust his claims and file a habeas petition within one year of the date of his judgment of sentence, less the amount of time that a properly filed PCRA petition may statutorily toll the one-year time limitation).

This Court therefore respectfully recommends that Petitioner's habeas petition be dismissed *without* prejudice.

### B.    Petitioner's *Pro Se* Letter

As previously stated, Petitioner filed a *pro se* letter on September 25, 2011, noting that his legal materials were confiscated.  *See* Pet'r's Letter.  Petitioner asserted that such treatment was retaliatory to his filing a habeas petition.  *See id.*  Petitioner also voiced concern about his ability to reply to Respondents' Answer.[8]  *See id.*

This Court is unable to provide relief for such a claim.  Habeas relief is available to a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3).  "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A prisoner's request for relief that does not implicate the duration or validity of their confinement falls outside the scope of

---

[8]  "[T]here is no authority that entitles a petitioner to file a reply or traverse to an Answer at all."  *See Housley v. Tennis*, No. 04-658, 2004 WL 1737646, at *2 (E.D. Pa. July 30, 2004); *see also* Rules Governing Section 2254 Cases, Rule 5 advisory committee note (1976) ("Rule 5 (and the general procedure set up by this entire set of rules) does not contemplate a traverse to the answer, except under special circumstances.")).  Thus, Petitioner's alleged inability to file a reply did not prejudice his habeas rights.  *See Housley*, 2004 WL 1737646, at *2.

available remedies in a habeas proceeding.  *See Wilkerson v. Dotson*, 544 U.S. 74, 81 (2005)

(noting that "the [Supreme] Court has focused on the need to ensure that state prisoners only use

habeas corpus . . . when they seek to invalidate the duration of their confinement . . . .").  The

Third Circuit has explained:

> [W]henever the challenge ultimately attacks the 'core of habeas' – the
> validity of continued conviction or the fact or length of the sentence
> – a challenge, however denominated and regardless of the relief
> sought, must be brought by way of a habeas corpus petition.
> Conversely, when the challenge is to a condition of confinement such
> that a finding in plaintiff's favor would not alter his sentence or undo
> his conviction, a [civil rights action] is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Here, Petitioner is challenging the actions of a Pennsylvania correctional institution.  This

is beyond the scope of a section 2254 habeas proceeding.[9]  *See* 28 U.S.C. § 2254(a); *see also*

*Dickerson v. Diguglielmo*, 306 Fed. Appx. 707, 708 (3d Cir. 2009) (holding that the confiscation

of legal materials had no connection with "the fact or duration of [prisoners'] confinement" and

thus was improperly asserted under the habeas statute).  Petitioner's claim concerns the

confiscation of his legal materials and has no bearing on the substantive determinations of the

legality of his incarceration.  *See Wilkerson*, 544 U.S. at 83-84.  Thus, this Court cannot provide

relief because a section 2254 habeas proceeding is not an appropriate vehicle for such a

challenge.

_____

[9] Even if Petitioner's claim was cognizable under the habeas statute, his claim is
nonetheless unexhausted for the same reasons as stated above.  *See O'Sullivan*, 526 U.S. at 844.
Petitioner has failed to present this claim through one complete round of Pennsylvania's
established appellate review process.  This Court continues to recommend that the instant
petition be dismissed without prejudice.  *See Lines*, 208 F.3d at 159-60.

**III.    CONCLUSION**

For all the foregoing reasons, I respectfully recommend that Petitioner's petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE**.

Therefore, I respectfully make the following:

## R E C O M M E N D A T I O N

_____AND NOW, this __10th__ day of February, 2012, IT IS RESPECTFULLY

RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT

PREJUDICE.

Petitioner may file objections to this Report and Recommendation.  *See* Local Civ. Rule

72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

_____

_____BY THE COURT:


 /s/ Lynne A. Sitarski_____

LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE